UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL F. BORGMAN,

        Plaintiff,                      CIVIL ACTION NO. 11-cv-12938

v.                              DISTRICT JUDGE MARK A. GOLDSMITH

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Carl Borgman filed this action seeking judicial review of Defendant's decision denying his application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 17.) Before the Court is Plaintiff's counsel's (Petitioner's) Petition for Approval of Section 406b Attorney Fee. (Docket no. 20.) Defendant has not filed a Response. The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 21.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

I.       RECOMMENDATION

The undersigned recommends that the Petition for Approval of Section 406b Attorney Fee (docket no. 20) be GRANTED.

II.      REPORT

       A.       **Procedural History**

Plaintiff filed an application for a period of disability and disability insurance benefits on May 19, 2008, alleging disability beginning March 3, 2008. (TR 10.) The Social Security Administration denied benefits and Plaintiff filed a timely request for a *de novo* hearing. (TR 10.) On May 13, 2010, Plaintiff appeared with counsel in Oak Park, Michigan, and testified at a video hearing held by Administrative Law Judge (ALJ) Joseph P. Donovan, Sr. (TR 40-78.) Vocational Expert (VE) William Newman also appeared and testified at the hearing. (TR 78-89.) In a June 29, 2010 decision, the ALJ found that Plaintiff was not entitled to disability benefits because the evidence showed that there were a significant number of jobs existing in the national economy that Plaintiff could perform. (TR 10-29.) The Appeals Council declined to review the ALJ's decision (TR 1), and Plaintiff filed a timely complaint for judicial review. The parties then filed cross Motions for Summary Judgment. (Docket nos. 10 and 13.)

On August 16, 2012, the Court entered an Order granting in part Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment, and remanding this matter for further proceedings under 42 U.S.C. § 405(g). (Docket no. 17.) On September 14, 2012, upon the parties' joint petition and stipulation, the Court awarded $4,646.25 in attorney fees and expenses to Plaintiff under the Equal Access to Justice Act (EAJA). (Docket no. 19.) Plaintiff prevailed on the remand of his claim, and the Commissioner awarded Plaintiff past-due benefits in excess of $100,000.00, withholding $26,901.20 for attorney's fees. (*See* docket no. 20 at 2; docket no. 20-1 at 2.) Petitioner then filed this Petition For Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b)(1), seeking an attorney fee in the amount of $23,006.95. (Docket no. 20 at 9-10.)

**B.     Analysis**

Pursuant to 42 U.S.C. § 406(b)(1)(A),

2

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Sixth Circuit has held that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). "[E]ach tribunal may award fees only for the work done before it. . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee–limited to 25 percent of past-due benefits–for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id*.

On July 20, 2010, Plaintiff entered into a contingency fee agreement with his attorney, Kenneth F. Laritz, for his representation in this Court. The fee agreement states that "[i]f benefits are awarded . . . following an Order of Remand issued by the . . . Federal Court, the attorney fee shall be 25% of the total accrued benefits payable to the claimant and any auxiliaries, subject to approval of the Court . . . ." (Docket no. 20-2 at 1.) The agreement further notes that "[i]f attorney fees are granted pursuant to the [EAJA], for services performed at the U.S. District Court level, [Plaintiff] specifically assigns the EAJA fee to [Laritz], subject to the offset of the smaller of the two fees . . . ." (*Id.*)

3

The Supreme Court has clearly upheld contingent fees in this situation, holding that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). The Court may consider the reasonableness of the fee pursuant to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). In *Rodriquez*, the Sixth Circuit held that the Court should "begin by using twenty-five percent of the past due benefits as a benchmark. . . . [T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Id.* at 746. Next, that court should "look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties." *Id.* "The court should give close attention to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.* The *Rodriquez* court held that deductions for section 406(b) requests should generally fall into two categories. *See id.* First, "those occasioned by improper conduct or ineffectiveness of counsel" and second, "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (applying *Rodriquez).*

The Court finds first, that counsel was not ineffective in this matter; to the contrary, Plaintiff's counsel secured his award of benefits. Second, the Court finds that a windfall would not occur in this matter. Petitioner is an experienced and established social security attorney. He has

4

been practicing social security disability law for 39 years and is a member of the Social Security Section of the Federal Bar Association and a Commissioner of the Social Security Lawyers Section of the State Bar of Michigan.  (Docket no. 20 at 8.)  Petitioner is also an author and frequent lecturer on social security topics.  (*Id*.)  Moreover, Petitioner is requesting an attorney fee in the amount of $23,006.95, which is less than 25% of Plaintiff's past-due benefits.  (*Id*. at 9-10.)  Furthermore, Plaintiff does not contest the amount of attorney fees requested by Petitioner.  In fact, in a signed statement at the end of his counsel's Petition for Approval of Attorney Fee, Plaintiff indicates that he has read and understands the petition and that he agrees with payment of the requested attorney fee.  (*Id*. at 10.)  Therefore, the undersigned recommends that Petitioner be awarded attorney fees in the amount of $23,006.95.

Petitioner has already been awarded attorney fees pursuant to the EAJA.  (Docket no. 19.)  "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  *Gisbrecht*, 535 U.S. at 796.  Petitioner was previously awarded $4,646.25 under the EAJA for representing Plaintiff in the same court proceedings.  (*Id*.)  Therefore, the undersigned recommends that Petitioner's total award of attorney fees be offset by the lesser of the two awards: $4,646.25.

### III. CONCLUSION

The undersigned recommends that the Petition For Approval of Section 406b Attorney Fee (docket no. 20) be GRANTED and that Petitioner be awarded $23,006.95 in attorney fees pursuant to 42 U.S.C. § 406(b), with a credit given in the amount of $4,646.25 for fees previously paid to Petitioner under the EAJA, resulting in a net award of $18,360.70.  The undersigned further

recommends that Defendant, therefore, be ordered to pay Petitioner, Kenneth F. Laritz, $18, 360.70 out of the $26, 901.20 that was withheld from Plaintiff's past-due benefits and release the remaining $8,540.50 to Plaintiff.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 5, 2014           s/ Mona K. Majzoub
           MONA K. MAJZOUB
           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 5, 2014         s/ Lisa C. Bartlett  
                                       Case Manager